UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 3:06-cr-00133-LRH-VPC |
| vs. | ) ) | ORDER |
| MATTHEW HEARN, | ) ) | |
| Defendant. | ) ) | |

Before the court are Defendant Matthew Hearn's ("Hearn") motions for modification of sentence (Doc. #60), for appointment of counsel (Doc. #65) and for stay of transfer pending final adjudication of sentence modification (Doc. #66). The government has responded (Doc. #67). Hearn has replied (Doc. #68). Also before the court is the Report and Recommendation of the Probation Office.

**I.     Factual and Procedural History**

On September 26, 2007, Hearn pleaded guilty to armed robbery ("Count 1") and carrying a firearm during a crime of violence ("Count 2"). On April 15, 2008, the court sentenced Hearn to 43 months in prison on Count 1 with a mandatory consecutive sentence of 84 months for Count 2. Hearn's 43 month sentence was to be served concurrently with the state sentence he was serving at the time. Hearn filed a notice of appeal following his sentence. The court of appeals later granted his motion for voluntary dismissal of that appeal.

On November 11, 2012, Hearn filed a motion for modification of sentence (Doc. #60). Hearn requests the suspension of his 84 month sentence for Count 2, proposing instead an

1  extension of his supervised release from 4 to 5 years.  In support of his motion for modification,

2  Hearn offers "newly discovered evidence:" (1) his attorney failed to file a written sentencing

3  memorandum; (2) his attorney failed to negotiate and secure a plea agreement with the

4  prosecution; and (3) Hearn has completed all of the rehabilitation programs available in state

5  prison and that federal prison only provides duplicative programs. Doc. #60. Hearn filed further

6  motions for appointment of counsel and for stay of transfer pending final adjudication of his

7  motion for modification. Docs. #65, #66.

8  **II.    Discussion**

9      While Hearn does not identify the legal basis for his modification request, the court

10  construes his request as a petition under 28 U.S.C. § 2255. Pursuant to this statute, a prisoner

11  may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in

12  violation of the Constitution or laws of the United States, or that the court was without

13  justification to impose such a sentence, or that the sentence was in excess of the maximum

14  authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255

15  actions must be filed within one year of one of four possible dates. The court here construes

16  Hearn's petition as contending that it was filed within one year of "the date on which the facts

17  supporting the claim or claims presented could have been discovered through the exercise of due

18  diligence." 28 U.S.C. § 2255(f)(4).

19      Hearn cites his attorney's failure to file a sentencing memorandum and his attorney's

20  failure to negotiate a favorable plea agreement as newly discovered evidence in support of his

21  claim for ineffective assistance of counsel. To establish ineffective assistance of counsel, a

22  petitioner must show that his counsel's performance was deficient and that the petitioner was

23  prejudiced as a result of this performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

24  In order to show prejudice, the petitioner "must then establish that there is a reasonable

25  probability that, but for counsel's unprofessional errors, the result of the proceeding would have

26  been different. A reasonable probability is a probability sufficient to undermine confidence in the

27  outcome." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing

28  *Strickland*, 466 U.S. at 688-89).

2

1    Hearn's claim is doubly barred. First, it appears that Hearn's attorney *did* file a sentencing

2    memorandum. Doc. # 41. And Hearn's knowledge of the terms of his plea agreement, rather than

3    his knowledge of their legal significance, triggers the beginning of section 2255's limitations

4    period. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Therefore, Hearn has not

5    made the threshold showing that his petition is timely under section 2255(f)(5). Second, even if

6    this evidence were newly discovered (and true), it does not demonstrate ineffective assistance of

7    counsel because it does not show prejudice. Hearn's Count 2 came with a mandatory seven year

8    sentence, which he received. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Thus, Hearn cannot show that the

9    result of his sentencing proceeding would have been different but for his attorney's conduct. Nor

10   has Hearn identified any basis for a more favorable plea agreement. Finally, while Hearn's

11   completion of various rehabilitation programs is admirable, it does not furnish a valid ground on

12   which the court may modify his sentence.

13   Thus, Hearn's petition is time-barred under section 2255. Hearn has had an opportunity to

14   respond, *Day v. McDonough*, 547 U.S. 198, 210 (2006), and therefore the court denies Hearn's

15   petition. Because the court denies Hearn's petition, Hearn's motions for appointment of counsel

16   (Doc. #65) and stay of transfer (Doc. #66) are denied as moot.

17   IT IS THEREFORE ORDERED that Hearn's Motion for Modification of Sentence (Doc.

18   #60) is DENIED.

19   IT IS FURTHER ORDERED that Hearn's Motions for Appointment of Counsel (Doc.

20   #65) and Stay of Transfer (Doc. #66) are DENIED as moot.

21   IT IS SO ORDERED.

22   DATED this 22nd day of August, 2013.

23

24   _____

25   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

26

27

28